UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES B. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:04CV1605 HEA ) |
| UNKNOWN CORRECTIONS OFFICERS, et al., | ) ) ) |
| Defendants, | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Campbell, Conley and Steinman's Motion to Dismiss, [Doc. No. 35]. Plaintiff has not filed a response to the motion within the time provided by this Court's Local Rules. For the reasons set forth below, the Motion is granted.

Plaintiff filed this 42 U.S.C. § 1983 action alleging civil rights violations. Defendants Campbell, Conley and Steinman move to dismiss based on Plaintiff's failure to state a claim.

**Standard of Review**

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Botten v. Shorma,* 440 F.3d 979, 980 (8th Cir.2006); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005).

When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true. *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 914 (8th Cir.2001); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir.2006). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.,* 276 F.3d 1019, 1022 (8th Cir.2002). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz v. Robertson*, 228 F.3d 897, 905 (8th Cir. 2000).

## **Discussion**

Plaintiff's Complaint alleges the following with respect to these Defendants:

Defendant Dr. Gary Campbell is an employee of (Correctional Management Services, Inc. (hereinafter CMS) and [is] responsible for inmate medical care. Plaintiff filed an Informal Resolution Request (IRR), and requested the assistance of Defendant Campbell for treatment as a result of the injuries sustained.

Defendant Dr. Elizabeth Conley is an employee of CMS and [is] responsible for answering and overseeing the activities of on sight doctors at the various institutions. Plaintiff wrote to Defendant Conley regarding treatment following the incident at F.R.D.C.C.

Defendant Deborah Steinman, RN is employed with CMS as a regional Administrator with CMS. Defendant Steinman responds to Plaintiff's grievance claiming his situation is a, "non-emergency."

"'Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.' *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir.2006) (internal quotations and citations omitted)." *Clemmons v. Armontrout*, 2007 WL 438768, *4 (8th Cir. 2007). "[A] general responsibility for supervising the operations of a prison is insufficient to establish" liability under § 1983. *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir.1995). *Accord Beck v. LaFleur,* 257 F.3d 764, 766 (8th Cir.2001); *Burgess v. Moore,* 39 F.3d 216, 218 (8th Cir.1994).

Plaintiff alleges neither personal involvement nor any direct responsibility of those responsible for the complained-of deprivations. He merely alleges that he requested the assistance of Campbell, that he wrote to Defendant Conley regarding treatment following an alleged injury and that Defendant Steinman responded to his

grievance claiming his situation was a "non-emergency."

Corrective inaction does not amount to deliberate indifference based only on when the supervisor knew or should have known of the violation. *Boyd v. Knox,* 47 F.3d 966, 968 n. 1 (8th Cir.1995) (citing *Farmer v. Brennan,* 511 U.S. 825, 835-36 (1994)). Thus, Plaintiff has failed to state a claim against these defendants.

Plaintiff does not allege any facts that suggest personal involvement, tacit authorization, or any policy directives regarding the incidents alleged in plaintiff's complaint. *See Brown v. Missouri Dept. of Corrections,* 353 F.3d 1038, 1040 (8th Cir.2004). In fact, the allegations in plaintiff's complaint do not allege any actions personally taken by the defendants with respect to plaintiff's claim of a deprivation and indifference to his serious medical needs. Based on the foregoing, the Court finds that plaintiff's Complaint fails to state a claim against defendants Campbell, Conley and Steinman. Therefore, the Court will grant their motion to dismiss. Plaintiff will be given leave to file an Amended Complaint.

## **Conclusion**

Plaintiff's Complaint fails to state a claim against Defendants Campbell, Conley and Steinman; it fails to plead personal involvement or direct responsibility for the alleged constitutional violation. As such, the Motion to Dismiss is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Campbell, Conley and Steinman's Motion to Dismiss, [Doc. No. 35], is granted.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Order to file an Amended Complaint. Failure to file an Amended Complaint within said time will be construed as an abandonment of this action against said defendants.

Dated this 12th day of March, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE