UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES B. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:04CV1605 HEA |
| | ) | |
| UNKNOWN CORRECTIONS | ) | |
| OFFICERS, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Dormire's Motion to Dismiss, [Doc. No. 39]. Plaintiff has not filed a response to the motion within the time provided by this Court's Local Rules. For the reasons set forth below, the Motion is granted.

Plaintiff filed this 42 U.S.C. § 1983 action alleging civil rights violations. Defendant Dormire moves to dismiss based on Plaintiff's failure to state a claim.

**Standard of Review**

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,*

355 U.S. 41, 45-46 (1957); *Botten v. Shorma,* 440 F.3d 979, 980 (8th Cir.2006); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005).

When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true. *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 914 (8th Cir.2001); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir.2006). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.,* 276 F.3d 1019, 1022 (8th Cir.2002). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz v. Robertson*, 228 F.3d 897, 905 (8th Cir. 2000).

## Discussion

In his Complaint, Plaintiff claims that his right to be free from cruel and unusual punishment under the Eighth Amendment has been "deliberately abridged repeatedly by the actions of the defendants and their indifference to [Plaintiff's] serious medical needs. Plaintiff claims arise out of an incident on June 20, 1998 when he was exiting his cell and an unknown defendant officer "deliberately closed

the metal door striking Plaintiff in the neck and back area."

Plaintiff's Complaint alleges the following with respect to this Defendant:

Defendant Dave Dormire is the Superintendent at MSP [Missouri State Penitentiary] and responsible as the chief administrative officer at the institution.

On February 14, 2000, Defendant Dormire responded to [Missouri Representative Charles Quincy] Troupe requests and indicated that Plaintiff's IRR's, grievances, and appeals were improperly filed and had to be resubmitted.

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir.1980) (emphasis added). *See also, Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint *must contain specific facts* supporting its conclusions") (emphasis added). Furthermore, an actionable civil rights claim "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007). "[A] general responsibility for supervising the operations of a prison is insufficient to establish" liability under § 1983. *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir.1995). *Accord Beck v. LaFleur,* 257 F.3d 764, 766 (8th Cir.2001); *Burgess v. Moore,* 39

F.3d 216, 218 (8th Cir.1994). In other words, civil rights claimants must plead facts showing each defendant's *personal* involvement in alleged constitutional wrongdoing. *Ellis v. Norris,* 179 F.3d 1078, 1079 (8th Cir.1999). *See also Beck*, 57 F.3d at 766 (8th Cir.2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Plaintiff's current pleading fails to state an actionable civil rights claim against Defendant Dormire, because it includes no factual allegations describing anything that Defendant Dormire purportedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights.[1]

"'Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.' *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir.2006) (internal quotations and

---

[1] It appears that Plaintiff may be seeking to hold Dormire vicariously liable for some allegedly wrongful act or omission by some member(s) of the staff at MSP. Such a claim, however, would not be actionable, because government officials and entities cannot be held liable under the doctrine of respondeat superior in civil rights cases. *See Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978).

citations omitted)." *Clemmons v. Armontrout*, 477 F.3d at 967. Plaintiff alleges neither personal involvement nor any direct responsibility of Dormire for the complained-of deprivations. He merely alleges that Dormire responded to Representative Troupe's inquiries by stating that Plaintiff had not prepared his grievance documents correctly.

Corrective inaction does not amount to deliberate indifference based only on when the supervisor knew or should have known of the violation. *Boyd v. Knox,* 47 F.3d 966, 968 n.1 (8th Cir.1995) (citing *Farmer v. Brennan,* 511 U.S. 825, 835-36 (1994)). Thus, Plaintiff has failed to state a claim against Dormire.

Based on the foregoing, the Court finds that plaintiff's Complaint fails to state a claim against defendant Dormire. Therefore, the Court will grant his motion to dismiss. Plaintiff will be given leave to file an Amended Complaint.

## Conclusion

Plaintiff's Complaint fails to state a claim against Defendant Dormire; it fails to plead personal involvement or direct responsibility for the alleged constitutional violation. As such, the Motion to Dismiss is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dormire's Motion to Dismiss, [Doc. No. 39], is granted.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Order to file an Amended Complaint. Failure to file an Amended Complaint within said time will be construed as an abandonment of this action against said defendant.

Dated this 7th day of May, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE